Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6598 | **DATE** | 8/30/2002 |
| **CASE TITLE** | DAVID DUGGER vs. UNITED PARCEL SERVICE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Rule 12(b)(6) motion to dismiss the ADA claims plaintiff asserts against it in Counts I and II of his amended complaint is denied. Defendant's Rule 12(b)(1) motion to dismiss the IIED claim plaintiff asserts against it in Count II of the amended complaint is granted and that claim is dismissed without prejudice for lack of subject matter jurisdiction. Status hearing and ruling date of 9/3/02 is stricken. Status hearing reset to 9/17/02 at 9:30a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 03 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 30 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID DUGGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01 C 6598 |
| ) | Paul E. Plunkett, Senior Judge |
| UNITED PARCEL SERVICE ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

David Dugger has sued United Parcel Service ("UPS") for its alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and for intentional infliction of emotional distress. Defendant has filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the federal claims and a motion pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss the state claim. For the reasons set forth below, the motion to dismiss the federal claims is denied and the motion to dismiss the state claim for lack of subject matter jurisdiction is granted.

### Facts

In April 1998, while plaintiff was employed by UPS as a driver, he was diagnosed with a disabling back condition. (Am. Compl. ¶¶ 9-11, 16-17.) On March 16, 1999, plaintiff requested that UPS accommodate his disability by having a helper unload the heavy boxes from his truck and limiting his work hours or by reassigning him to the "small sorts" department, where heavy lifting and long hours were not required. (Id. ¶ 20.) At some unidentified point, UPS denied plaintiff's

request and terminated his employment. (Id. ¶¶ 21-22.) Plaintiff contends that UPS' conduct violated his rights under the ADA and intentionally inflicted emotional distress on him.

## The Federal Claims

### The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### Discussion

UPS contends that plaintiff's ADA failure to accommodate (Count I) and retaliation (Count II) claims must be dismissed because he did not file timely EEOC charges on them. The ADA requires plaintiff to file a charge of discrimination within 300 days of an alleged unlawful employment practice. See 42 U.S.C. § 12117(a) (stating that the procedures applicable to Title VII claims are applicable to ADA employment claims); 42 U.S.C. § 2000e-5(e)(1) ("[I]n a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency . . . , such charge shall be filed [with the EEOC] by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment

practice occurred."); (Def.'s Mem. Supp. Mot. Dismiss Am. Compl., Ex. A, EEOC Charge)[1] (indicating that plaintiff filed his charge with the Illinois Department of Human Rights)). Plaintiff filed his EEOC charge on March 9, 2000. (Def.'s Mem. Supp. Mot. Dismiss Am. Compl., Ex. A, EEOC Charge.) Thus, the conduct of which he complains must have occurred on or after May 14, 1999 or his ADA claims are barred.

We will start with the failure to accommodate claim. In his amended complaint, plaintiff alleges that he requested an accommodation on March 16, 1999 and that UPS subsequently denied that request. (Am. Compl. ¶¶ 20-21.) He does not, however, allege *when* that request was denied, the pivotal date for a failure to accommodate claim.

Though it is not alleged in the amended complaint, defendant argues that the date the accommodation request was denied can be inferred from it. In defendant's view, the allegation that plaintiff made the request in March 1999 supports the inference that it was also denied that month. The Court disagrees. According to plaintiff's EEOC charge, the denial occurred, at the earliest, sometime during July 1999. (See Def.'s Mem. Supp. Mot. Dismiss Am. Compl., Ex. A, EEOC Charge ("In July 1999, I was released by my doctor to return to perform duties within my medical restrictions. The employer refused to allow me to return. I requested a transfer to the Small Sorts Department . . . . My request was denied.").) Because the entire month of July 1999 falls within the 300-day filing period, defendant's motion to dismiss the failure to accommodate claim as untimely is denied.

---

[1] We can consider the EEOC Charge, which defendant submitted in support of its motion, because it is "referred to in the plaintiff's [amended] complaint and [is] central to [his] claim." Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

In Count II, plaintiff alleges that defendant retaliated against him for filing the EEOC Charge by "restrict[ing] [his] professional activity, growth and development." (Am. Compl. ¶ 36.) Apparently, the restriction of professional activity to which plaintiff refers is UPS' failure to transfer him to the small sorts department and its subsequent termination of his employment. (Id. ¶¶ 22, 34.) Because the retaliation claim is based on the same conduct as the failure to accommodate claim, it also survives defendant's timeliness challenge.

### The State Claim

In Count III, plaintiff asserts an intentional infliction of emotional distress ("IIED") claim against defendant. Defendant contends that this claim is preempted by both the Illinois Human Rights Act ("IHRA") and the Illinois Workers' Compensation Act ("IWCA"). Because we agree that the IHRA preempts this claim, we will restrict our discussion to that statute.

The IHRA divests courts of jurisdiction over "the subject of an alleged civil rights violation other than as set forth in [the] Act." 775 ILL. COMP. STAT. 5/8-111(C). Both disability discrimination and retaliation for complaining about it are included in the statute's definition of "civil rights violation." 775 ILL. COMP. STAT. 5/2-102(A), 5/6-101(A); see 775 ILL. COMP. STAT. 5/1-102(A) (stating that it is Illinois public policy "[t]o secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap . . . in connection with employment . . . ."). According to the Illinois Supreme Court, the IHRA deprives courts of jurisdiction not only over claims that constitute civil rights violations, but also over any other claim that is "inextricably linked to a civil rights violation such that there is no independent basis for the

-4-

action apart from the Act itself." Maksimovic v. Tsogalis, 687 N.E.2d 21, 23 (Ill. 1997). The entire basis for plaintiff's IIED claim is the discrimination and retaliation he allegedly endured. Absent the discriminatory conduct, plaintiff would have no IIED claim against defendant. Because plaintiff's IIED claim is inextricably linked to his discrimination and retaliation claims, it is preempted by the IHRA. UPS' motion to dismiss the IIED claim for lack of subject matter jurisdiction is, therefore, granted.

### Conclusion

For the reasons set forth above, defendant's Rule 12(b)(6) motion to dismiss the ADA claims plaintiff asserts against it in Counts I and II of his amended complaint is denied. Defendant's Rule 12(b)(1) motion to dismiss the IIED claim plaintiff asserts against it in Count III of the amended complaint is granted and that claim is dismissed without prejudice for lack of subject matter jurisdiction.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: August 30, 2002